PEWITT, APPELLANT, *v.* SUPERINTENDENT, LORAIN CORRECTIONAL INSTITUTION, ET AL., APPELLEES.

[Cite as *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470.]

(No. 91–988—Submitted May 12, 1992—Decided September 2, 1992.)

*Paul Mancino, Jr.,* for appellant.

*Lee Fisher,* Attorney General, and *Stuart A. Cole,* Assistant Attorney General, for appellees.

---

*Per Curiam.* Appellant argues that there was no evidence of record on which the court of appeals could have dismissed the case as moot and that, even if it is now moot, the appeal may be heard " * * * where there remains a debatable constitutional question to resolve, or where the matter of appeal is one of great public or general interest." (*Franchise Developers, Inc. v. Cincinnati* [1987], 30 Ohio St.3d 28, 505 N.E.2d 966, paragraph one of the syllabus.) He claims both a statutory and constitutional right to the jail-time credit he seeks, and also claims that the matter is of great public or general interest.

In *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, we held that an event that causes a case to become moot may be proved by extrinsic evidence outside the record. Here, the fact that appellant was released from confinement did not appear in the record or in any other cited source. However, appellant does not deny that the case is now moot because he has been released from custody. Rather, he claims a great or general public interest in the restriction imposed by the last sentence of Ohio Adm. Code 5120–2–03(C).

"Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded." *Rollins v. Haskins* (1964), 176 Ohio St. 394, 395, 27 O.O.2d 359, 360, 199 N.E.2d 868, moreover, we find no great public or general interest in deciding appellant's claim that he be credited with one hundred fifty-one days jail time when he only served eighty-nine.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.