OPINION and JOURNAL ENTRY
Pro-se Petition for Writ of Habeas Corpus was filed in this matter on December 23, 1999. On the face of the petition the relief sought was a discharge from solitary confinement. On February 18, 2000 Respondent filed a Motion to Dismiss asserting six reasons why the petition should be dismissed.
It may be gleaned from the documents before this court that Petitioner was being disciplined internally for developing a friendly relationship with a corrections officer, without authorization from the proper authority.
Respondent first contends that complaints regarding conditions of confinement are not cognizable by actions in habeas corpus. Citing to Jones v. Engle (Oct. 22, 1979), Ross App. No. 698, unreported, the Respondent argues that habeas corpus is not available to challenge segregation from the general prison population. We agree. Under R.C. 2725.01:
 "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."
Petitioner's admitted segregation is the result of an internal administrative proceeding on a rule violation. It is not cognizable in habeas corpus.
Respondent next argues that the extraordinary remedy of habeas corpus is not available because the issue of a due process violation is more appropriately raised in a legal proceeding as a civil rights violation under 42 U.S.C. § 1983. We need not address this assertion as there are other bases on which to dismiss the petition.
Respondent next asserts that the petition has become moot by virtue of Petitioner's transfer to the North Central Correctional Institution located in Marion County, Ohio and for the further reason that he has been released from the segregation unit. Attached to Respondent's motion is an Offender Data Report which reflects that Petitioner is currently incarcerated at the North Central Correctional Institution, not the Ohio State Penitentiary in Youngstown, Ohio. As noted in Pewitt v. Lorain CorrectionalInstitution (1992), 64 Ohio St.3d 470, at 472:
 "In Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21, we held that an event that causes a case to become moot may be proved by extrinsic evidence outside the record. Here, the fact that appellant was released from confinement did not appear in the record or in any other cited source. However, appellant does not deny that the case is now moot because he has been released from custody. Rather, he claims a great or general public interest in the restriction imposed by the last sentence of Ohio Adm. Code 5120-2-03(C).
 "`Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded.' Rollins v. Haskins
(1964), 176 Ohio St. 394, 395, 27 O.O.2d 359, 360, 199 N.E.2d 868, moreover, we find no great public or general interest in deciding appellant's claim that he be credited with one hundred fifty-one days jail time when he only served eighty-nine."
The Pewitt reasoning applies in that Petitioner is no longer segregated and has been transferred to another correctional facility. Under R.C. 2725.03 jurisdiction lies only with the court in whose jurisdiction the institution is located. North Central Correctional Institution is not within the jurisdiction of this court.
Respondent next asserts that Petitioner has failed to attach copies of his commitment papers as required by R.C. 2725.04(D) and has further failed to provide a detailed list of all lawsuits he filed in the previous five years, as required by R.C. 2969.25.
It is axiomatic that failure to attach copies of commitment papers requires dismissal of the petition. Boyd v. Money (1998),82 Ohio St.3d 388; Bloss v. Rodgers (1992), 65 Ohio St.3d 145. While Petitioner did not attach copies of his original entry of sentence, it is established by Respondent's Offender Data Report that the sentence was 15 to 40 years after conviction of aggravated robbery and kidnapping. We further note that Petitioner did attach the Conduct Report from Allen Correctional Institution which precipitated the administrative segregation and transfer to the Ohio State Penitentiary in Youngstown, Ohio. Accordingly, while Petitioner did not attach the original entry of sentence, there is sufficient documentation in the record to demonstrate the cause of confinement. Moreover, an October 14, 1999, letter from the Ohio Department of Rehabilitation and Correction (Exhibit L to the Petition) clarifies the reason for transfer. By such letter Petitioner was informed that his assault on four staff members of the Allen Correctional Institution while being placed in segregation contributed to the transfer at the request of the warden, along with the continuing investigation of his inappropriate relationship with a female employee.
As regards a violation of R.C. 2969.25(A) Petitioner has failed to submit the required affidavit concerning actions filed within the previous five years against a government entity or employee. Such failure is cause for dismissal. Zanders v. OhioAdult Parole Authority (1998), 82 Ohio St.3d 421.
For the reasons expressed above we find that the Respondent's notion to dismiss is with merit and is sustained.
We further note that although the gravaman of the petition was to be discharged from solitary confinement, Petitioner also argues in his petition an improper transfer from a "medium" security facility (Allen Correctional Institution) to a high maximum security prison facility (Ohio State Penitentiary in Youngstown). Inasmuch as Petitioner has been released from solitary confinement and transferred to a less restrictive prison (North Central Correctional Institution), the transfer issue is moot.
Petition dismissed. Final order. Clerk to serve a copy on counsel of record and
 Mr. Earl Starks Jr. #206-204 North Central Correctional Institution P.O. Box 1812 Marion, Ohio 43302-1812
HON. GENE DONOFRIO, HON. JOSEPH J. VUKOVICH, HON. CHERYL L. WAITE, JUDGES.