OPINION AND JOURNAL ENTRY
This action in habeas corpus was transferred to this appellate district by the Fourth Appellate District for the reason that Petitioner is now incarcerated at the Noble Correctional Institution in Caldwell, Ohio, within the geographical jurisdiction of this court.
The record before this court reflects that pro se Petition for Writ of Habeas Corpus was filed on January 3, 2000. Named Respondents included the warden of the Correctional Center of Pickaway County and John W. Kinkela, Chief of the Ohio Adult Parole Authority.
Petitioner asserts an unlawful restraint by virtue of a decision of the Adult Parole Authority (APA) giving him a sentence of sixty (60) months. It is asserted that the APA acted in violation of statute and administrative code in imposing the sentence without a hearing.
On January 31, 2000, Respondents filed a motion to dismiss the petition pursuant to Civ.R. 12 (H) (3). Respondents assert noncompliance with the statute which requires Petitioner to list all lawsuits filed in the preceding five years (R.C. 2969.25), failure to attach commitment papers as required under R.C.2725.04 (D) and that outright release from prison is not available when there is an alleged violation of rights attendant to a parole revocation hearing.
On March 17, 2000, Petitioner filed a "Motion to Subpliment (sic) his petition by attaching copies of his commitment papers. (Copy of March 13, 1996 sentencing entry in Muskingum County Court of Common Pleas Case No. CR95-228B sentencing him to 4 to 15 years after conviction upon a guilty plea of robbery, concurrent with a determinate 1 year sentence after conviction of theft). This court granted leave to supplement the petition.
It may be gleaned from the record before this court that Petitioner was being charged as a parole violator for several reasons:
 1. He withdrew funds from National City Bank that were not available to him;
2. Being involved in an assault;
 3. In May, 1999, he failed to make his whereabouts known to the Adult Parole Authority, changing employment without notifying his supervisor;
 4. He tested positive for cocaine on two separate occasions.
The charging document (Exhibits C and D to the Petition) contains Petitioners initials admitting the, charges with mitigation. Moreover, Petitioner's Exhibit E relates in pertinent part:
 "A Hearing was held by the A.P.A. and other members and my P.O. and his supior (sic), and I had an attorney representing me. At this hearing I repeated Plea Admit with mitigation * * * The A.P.A. carefully considered all the factors and circumstances, the A.P.A. revoked my parole effective June 22d 99."
This hearing was conducted after Petitioner initialed a statement that he did not request any witnesses or documents at his release violation hearing. (Exhibit C). The record indicates that Petitioner again appeared before the parole board on September 15, 1999 and was informed that the board was going to conduct a further investigation relative to sanctions to be imposed. It was thereafter discovered that the board decided on November 15, 1999 to impose a punishment of sixty (60) months continued incarceration. Apparently, Petitioner was not apprised of his punishment until he made inquiry as to his status in December, 1999.
Petitioner asserts that the post-hearing actions of the parole board violate due process safeguards codified in statute and the administrative code.
The list of rights provided is clearly delineated on the Notification of Release Violation Hearing. They are:
 "1. You may appear and testify on your own behalf.
 2. You may present letters, reports or other documentary physical evidence on your behalf, including evidence of mitigation.
 3. You may request that persons who can provide relevant information be subpoenaed on your behalf.
 4. You may confront and cross-examine witnesses who testify against you, unless the Hearing Officer specifically finds good cause for not allowing confrontation.
 5. You may seek disclosure of evidence presented against you.
 6. You may request to be represented by counsel either retained by you or appointed through the Ohio Public Defender Commission. You may receive a written statement of the evidence relied upon to determine that you violated your release, and the sanction to be imposed."
As indicated previously, Petitioner was notified of the charges, admitted them with mitigation, and did not seek to have witnesses in his behalf. At the hearing, where he was assisted by counsel, Petitioner restated his plea of admission. The record discloses Petitioner was accorded his due process rights of notice and an opportunity to be heard. Simply because he does not believe that the punishment meted out may be fair for the infractions which occurred, that is not a basis upon which to issue a writ of habeas corpus.
In addition, when suing a government entity or employee, failure to comply with the statutory requirement of filing an affidavit listing each civil action or appeal filed by an inmate in the previous five years, is cause for dismissal of the current action. Zanders v. Ohio Adult Parole Authority (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285. Petitioner has failed to file the affidavit required by R.C.2969.25 (A) (1)-(4)
Finally, habeas corpus is not available to discharge a person from prison when the challenge is to the manner in which the parole revocation hearing was held. As noted in State ex rel.Jackson v. McFaul (1985), 73 Ohio St.3d 185 at 188:
 "* * * habeas corpus lies only if the petitioner is entitled to immediate release from confinement. Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94; R.C. 2725.17. As long as an unreasonable delay has not occurred, the remedy for noncompliance with the Morrissey parole-revocation due process requirements is a new hearing, not outright release from prison. See Dolfi v. Bogan
(C.A.6, 1993), 996 F.2d 1214; Camacho v. White (C.A.9 1990), 918 F.2d 74; Heath v. United States Parole Comm. (C.A.2, 1986), 788 F.2d 85."
Based on the record before this court we find that Petitioner is not entitled to a writ of habeas corpus. Motion to dismiss filed by Respondents is sustained for the reasons expressed in this opinion. Motion for appointment of counsel overruled as moot. No costs assessed as Petitioner is indigent.
Petition for Writ of Habeas Corpus is dismissed. Final order. Clerk to serve a copy of this opinion and journal entry on counsel or unrepresented party in accordance with the Civil Rules.