THE STATE EX REL. NELSON, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

[Cite as *State ex rel. Nelson v. Russo* (2000), 89 Ohio St.3d 227.]

(No. 99–2133—Submitted April 10, 2000—Decided June 28, 2000.)

*Carl A. Nelson, Jr., pro se.*

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Diane Smi-lanick,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*   Nelson asserts that the court of appeals erred in denying the writ because it improperly *sua sponte* converted Judge's Russo's motion to dismiss to a motion for summary judgment without notifying him of the conversion and giving him an opportunity to respond.   Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment.   *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraphs one and two of the syllabus.   Based on *Petrey,* the court of appeals erred in converting Judge Russo's motion without notifying the parties.

Nevertheless, this error was harmless because the court of appeals could have taken judicial notice of the mootness of Nelson's writ action without converting Judge Russo's dismissal motion to a motion for summary judgment.   *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837, citing *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170, 174; see, also, *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198, 202.   In fact, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94.

The entry and findings of fact and conclusions of law attached to Judge Russo's dismissal motion established that Judge Russo had performed the requested act. Neither mandamus nor procedendo will compel the performance of a duty that has already been performed.   *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.