[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 227.]

THE STATE EX REL. NELSON, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

[Cite as *State ex rel. Nelson v. Russo*, 2000-Ohio-141.]

*Mandamus sought to compel common pleas court judge to enter a judgment on relator's postconviction relief petition—Court of appeals' denial of writ affirmed.*

(No. 99-2133—Submitted April 10, 2000—Decided June 28, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76862.

————————————

{¶ 1} In September 1996, appellant, Carl A. Nelson, Jr., filed a petition for postconviction relief. In August 1999, Nelson filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus or, alternatively, a writ of procedendo to compel appellee, Cuyahoga County Court of Common Pleas Judge Nancy M. Russo, to enter a judgment on his postconviction relief petition. Judge Russo filed a motion to dismiss Nelson's action and attached copies of her September 1999 judgment denying Nelson's petition for postconviction relief and findings of fact and conclusions of law. Without giving Nelson notice, the court of appeals *sua sponte* converted Judge Russo's motion to a motion for summary judgment, granted it, and denied the writ based on mootness.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Carl A. Nelson, Jr., pro se*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

**{¶ 3}** Nelson asserts that the court of appeals erred in denying the writ because it improperly *sua sponte* converted Judge's Russo's motion to dismiss to a motion for summary judgment without notifying him of the conversion and giving him an opportunity to respond. Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraphs one and two of the syllabus. Based on *Petrey*, the court of appeals erred in converting Judge Russo's motion without notifying the parties.

**{¶ 4}** Nevertheless, this error was harmless because the court of appeals could have taken judicial notice of the mootness of Nelson's writ action without converting Judge Russo's dismissal motion to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837, citing *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170, 174; see, also, *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198, 202. In fact, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94.

**{¶ 5}** The entry and findings of fact and conclusions of law attached to Judge Russo's dismissal motion established that Judge Russo had performed the requested act. Neither mandamus nor procedendo will compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305.

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————