JOURNAL ENTRY AND OPINION
Relator avers that the real property which is both his residence and the location of his business is the subject of an action in forcible entry and detainer known as Lassi Enterprises, LLC v. 1985 East 59th Inc., et al., Cleveland Municipal Court Case No. 00CVG21295. Relator requests that this court:
 1. Issue a writ of mandamus compelling respondent housing court judge, Raymond Pianka, to vacate an eviction order and recall a writ of restitution entered on October 23, 2000;
 2. Issue writ of prohibition preventing Judge Pianka and respondent John Appling, Chief Bailiff of the housing court, from executing the eviction judgment and the writ of restitution; and
3. Stay all proceedings in Case No. 00CVG21295.
Relator filed a renewed motion for immediate emergency supervisory petition for writ of mandamus and/or prohibition which this court treated as an application for alternative writ and granted by entry dated December 21, 2000. The alternative writ prevents respondents from further proceedings in or execution of judgment arising from Case No. 00CVG21295.
Respondents have filed a motion to dismiss and later filed a motion to dismiss/motion to quash writ of prohibition as well as a motion for emergency hearing on the motion to dismiss/motion to quash. Attached to the motion to dismiss/motion to quash is an affidavit and a photograph indicating that the real property which is the subject of Case No. 00CVG21295 is partially demolished, uninhabitable and unsafe.
This court has the authority to take judicial notice of the information accompanying the motion to dismiss/motion to quash.
 In fact, an event that causes a case to be moot may be proved by extrinsic evidence outside the record. Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94.
State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,729 N.E.2d 1181, 1182, reconsideration denied (2000), 89 Ohio St.3d 1491.
We take judicial notice, therefore, of the factual material accompanying the motion to dismiss/motion to quash. In light of the fact that the premises which are the subject of Case No. 00CVG21295 are partially demolished, uninhabitable and unsafe, this action in mandamus and prohibition is moot.
In his brief in opposition to the motion to dismiss/motion to quash, relator emphasizes his argument that he holds title to the property which is the subject of the forcible entry and detainer action. In State ex rel. Weiss v. Hoover (1999), 84 Ohio St.3d 530, 705 N.E.2d 1227, a tenant filed an action in common pleas court for a judgment declaring the tenant's right to continued use of the property free of any further demand by the landlord to pay the claimed additional rent. Two days later, and before being served with a copy of the declaratory judgment complaint, the landlord filed a complaint in the respondent municipal court against the tenant for forcible entry and detainer and breach of contract. The municipal judge granted a stay of proceedings in the forcible entry and detainer action.
 "To allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (i.e., immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide." State ex rel. Carpenter v. Warren Mun. Court (1980), 61 Ohio St.2d 208, 210, 15 Ohio Op. 3d 225, 227, 400 N.E.2d 391, 393. In Carpenter, we granted a writ of procedendo ordering a municipal court to proceed in a forcible entry and detainer action that it had stayed pending the outcome of a previously filed common pleas court action involving the same parties and raising an issue concerning title to the same property. Respondents similarly had a duty to proceed on Weiss's forcible entry and detainer claim here.
Weiss, supra at 84 Ohio St.3d 532, 705 N.E.2d 1229. In Weiss, the Supreme Court granted relief in procedendo compelling the respondents to proceed with the forcible entry and detainer action.
In light of Weiss and Carpenter, respondent judge was required to proceed to judgment in Case No. 00CVG21295. As a consequence, relator's argument that his claim of title deprived respondent judge of subject matter jurisdiction necessarily fails.
Accordingly, respondents' motion to dismiss/motion to quash is granted. This court's entry dated December 21, 2000 issuing an alternative writ of prohibition is vacated. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE