JOURNAL ENTRY AND OPINION
Relator avers that he is the defendant in State v. Simon, Cuyahoga County Court of Common Pleas Case No. CR-392571. Relator complains that respondent judge has failed to comply with R.C. 2945.71 and 2945.73 by failing to hold a timely preliminary hearing and to dismiss the indictment because relator has not received a speedy trial. In his supplement to the complaint, relator additionally complains that respondent is without jurisdiction to adjudicate the specifications set forth in the indictment because the original criminal complaint against relator did not include specifications.
Respondent has filed a motion for summary judgment in which he argues, inter alia, that mandamus does not lie because relator has an adequate remedy at law.
In State ex rel. Drake v. Sutula (May 6, 1999), Cuyahoga App. No. 76000, unreported, Drake brought an action in mandamus against a judge of the court of common pleas and an assistant prosecuting attorney to compel them to discharge him from prison for violating his speedy trial rights and for failing to hold a preliminary hearing timely * * *. Id.at 1. The Drake court held: Errors, if any, relating to the preliminary hearing and his right to a speedy trial are properly reviewed on appeal. Id. at 6.
Likewise, in State ex rel. Nelson v. Mason (Nov. 22, 2000), Cuyahoga App. No. 78709, unreported, this court observed: In State ex rel. Hadlock v. McMackin (1991), 61 Ohio St.3d 433, 434, 575 N.E.2d 184, the Supreme Court of Ohio ruled that a `defendant may challenge the sufficiency of the indictment only by a direct appeal * * *.' Id. at 3-4. We also take judicial notice of the fact that, on January 30, 2001, the clerk of the court of common pleas received for filing a journal entry issued in Case No. CR-392571 reflecting that the state amended the indictment by adding attempt and dropping the specifications and that relator changed his plea to guilty.
 In fact, an event that causes a case to be moot may be proved by extrinsic evidence outside the record. Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94.
State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,729 N.E.2d 1181, 1182, reconsideration denied (2000), 89 Ohio St.3d 1491
. Relator's contentions regarding the inclusion of the specifications in the indictment are, therefore, moot. As a consequence, mandamus is not the appropriate remedy for relator's challenge to the specifications included in the indictment in Case No. CR-392571.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. In the affidavit accompanying the complaint, relator merely states that he is the Relator seeking extraordinary remedy in mandamus * * *. The affidavit does not specify the details of the claim. The affidavit is not, therefore, sufficient to comply with Loc.App.R. 45(B)(1)(a). See, e.g., State ex rel. Novak v. Mahon (Jan. 11, 2001), Cuyahoga App. No. 78505, unreported, at 6.
Accordingly, we grant respondent's motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, J. AND KENNETH A. ROCCO, J., CONCURS.