JOURNAL ENTRY AND OPINION
Petitioner avers that he is in the custody of respondent, Superintendent of the Cuyahoga Hills Juvenile Correctional Facility in Highland Hills, acting on behalf of the Ohio Department of Youth Services (DYS).
Petitioner was charged with three counts of trafficking in drugs in In the Matter of: Downey, Darke County Court of Common Pleas, Juvenile Division (Darke County juvenile court), Case No. 20020456. See Petition, Exh. 1. Two counts included specifications that the offense was committed in the vicinity of a school or juvenile. The complaint states that petitioner was selling his prescription medication, Lithium, at the Darke County Fair.
By entry received for filing on January 30, 2001, the Darke County juvenile court accepted petitioner's admission to the allegations of delinquency on three counts of Corrupting another with Drugs (F-4), ordered petitioner committed to the Department of Youth Services for 6 months or until his 21st birthday, and suspended the commitment. Petition, Exh. 2. On March 7, 2001, a complaint was filed in the Darke County juvenile court averring that petitioner violated his informal PROBATION by returning to Darke County without Court permission. Petition, Exh. 3. By entries received for filing on March 8, 2001 and April 16, 2001, the Darke County juvenile court ordered petitioner committed to the legal custody of the Department of Youth Services for institutionalization in a secure facility for a minimum period of six months and a maximum period not to exceed said child's attainment of the age of twenty-one (21) years. Petition, Exhs. 4 and 5. The entries state that there were dispositional hearings on March 8, 2001 and April 10, 2001, respectively.
Petitioner avers that there has been neither a court hearing alleging a violation of probation nor an adjudicatory hearing regarding a violation of probation. Petitioner asserts that the Darke County juvenile court exceeded its statutory authority by imposing an unconstitutional condition of probation and by committing petitioner to DYS for violating an unconstitutional condition of probation. Petitioner requests his immediate release from confinement.
Respondent has filed a response and acknowledges that:
 1. petitioner was not placed on probation during the dispositional hearing on November 13, 2000;
 2. a complaint alleging a violation of informal probation was filed March 7, 2001;
 3. the juvenile court did not hold a probation revocation hearing prior to petitioner's current commitment at DYS; and
 4. the juvenile court did not have jurisdiction to commit petitioner to DYS on March 8, 2001.
R.C. 2725.05 provides that if a person is in the custody of an officer under process issued by a court that had jurisdiction to issue the process, then the writ of habeas corpus shall not be allowed. State ex rel. Fryerson v. McFaul (June 1, 2000), Cuyahoga App. No. 77883, unreported, at 6. Additionally, habeas corpuslies only if the petitioner is entitled to immediate release from confinement. Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94; R.C. 2725.17. State ex rel. Jackson v. McFaul(1995), 73 Ohio St.3d 185,188, 652 N.E.2d 746.
Respondent has conceded that petitioner is in respondent's custody despite the juvenile court's lack of jurisdiction to order petitioner into custody. As a consequence, petitioner is entitled to relief in habeas corpus.
Accordingly, the petition for relief in habeas corpus is granted and respondent is instructed to release petitioner forthwith. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Relief granted.
KENNETH A. ROCCO, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
 ________________________ FRANK D. CELEBREZZE, JR., JUDGE: