JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to rule on the motion for jail-time credit filed in State v. Worley, Cuyahoga County Court of Common Pleas Case No. CR-390784 on January 28, 2003.
 {¶ 2} Respondent has filed a motion to dismiss attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on April 14, 2003 in which respondent granted relator 50 days jail-time credit. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We take judicial notice of the mootness of relator's claim in mandamus and grant the motion to dismiss. State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227,2000-Ohio-141, 729 N.E.2d 1181.
 {¶ 3} The complaint is also defective. Although R.C. 2731.04
requires that actions in mandamus must be on relation of the state in the name of the person bringing the action, the caption reads "State of Ohio v. Gregory Worley." Furthermore, R.C. 2969.25 requires that a prisoner file an affidavit describing each civil action or appeal of a civil action which the prisoner filed in the previous five years in any state or federal court and that a prisoner file a certified statement by the prison cashier setting forth the balance in the prisoner's private account for each of the preceding six months. Relator has failed to comply with both of these requirements. Compare State v. Johnson, Cuyahoga App. No. 82251, 2003-Ohio-1848. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. We also note that relator called his filing "MOTION TO WRIT OF MANDAMUS MOTION TO COMPEL." An action in mandamus may not be commenced by a motion. State ex rel. Dept. Of Rehab. and Corr. v.Horton, Cuyahoga App. No. 82705, 2003-Ohio-2755. Each of these defects provides a basis for dismissal of the complaint in mandamus.
 {¶ 4} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties' notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.