OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Jamison Well Drilling, Inc. appeals a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, which dismissed its complaint for breach of contract. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred in dismissing plaintiff's complaint for breach of contract against defendant arising out of defendant's failure to complete its obligations under an oral contract entered into between the parties."
 {¶ 3} On May 15, 2003, appellant filed its complaint against defendant David Bleifus. In its complaint, appellant alleged it had filed a complaint against appellant to collect a debt in April 2001. The debt was incurred for drilling of a well and installation of a pump for appellee. The complaint alleged after the complaint was filed, appellee objected that appellant had installed an incorrect pump. The complaint alleges based upon appellee's representation he would pay if a proper pump was ordered and installed, appellant ordered the pump but appellee refused to allow installation. Appellant alleged it had relied on the representation appellee would pay for the installation of its pump, and was damaged in the amount of $4,235.50.
 {¶ 4} On June 10, 2003, appellee moved to dismiss, and also filed an answer, alleging a previous complaint had been dismissed at appellant's request, and denying the existence of an oral agreement.
 {¶ 5} In response to the motion to dismiss, appellant filed various business documents, and the affidavit of its secretary, which alleged the previous lawsuit had been dismissed, based upon an oral agreement with appellee, and appellee had later refused to perform his portion of the agreement. The affidavit also asserts appellant was seeking damages as a result of the breach of the oral agreement.
 {¶ 6} In its judgment entry of September 25, 2003, the trial court found appellant had performed work for appellee, but appellee did not pay. Appellant then filed suit to collect for the work and the equipment, but later dismissed the suit with prejudice. Since then, appellant had not performed any additional work or provided any additional equipment, and the suit was filed to collect on what appellee originally owed it for work done and equipment provided. The court concluded the dismissal of the original suit with prejudice acted as res judicata to the instant case, and dismissed the matter.
 {¶ 7} In State ex rel. Nelson v. Russo, 89 Ohio St.3d 227,2000-Ohio-141, 729, N.E.2d 1181, the Ohio Supreme Court held pursuant to Civ. R. 12(B) and 56(C), a trial court must notify all parties at least fourteen days before the time fixed for a hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. A motion to dismiss challenges the sufficiency of complaint, and if the motion presents matters outside the pleading, it must be treated as a motion for summary judgment. Here, the trial court's judgment entry says it treats the motion as a motion to dismiss, and states it will construe the facts in favor of the non-moving party. The trial court considered matters beyond the complaint. Although the trial court did not formally convert the motion to a motion for summary judgment, it appears all parties had the opportunity to present evidence. In Nelson, supra, the Supreme Court found the error in converting a motion from a motion to dismiss to a motion for summary judgment is harmless if a court can take judicial notice of the extrinsic matters. We find although the procedure here was somewhat irregular, it was not prejudicial error.
 {¶ 8} However, the trial court found appellant's second complaint was simply a re-filing of its original suit. We do not agree. On the face of the complaint, appellant alleges appellee had breached an oral contract between the parties which would have modified the original agreement and resolved the original dispute. After appellant had dismissed its complaint with prejudice, appellee refused to honor the oral agreement. We find this is not simply a complaint on account like the prior action had been.
 {¶ 9} The doctrine of res judicata states an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit, National Amusements, Inc. v.City of Springdale (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178. We find appellant could not bring an action for breach of an oral contract in the original suit. Accordingly, its earlier dismissal with prejudice does not act to bar this suit.
 {¶ 10} The assignment of error is sustained.
 {¶ 11} For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Edwards, J., and Boggins, J., concur
 {¶ 12} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.