ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Ruby Stallworth, is the plaintiff in Stallworth v.Demore-Brown, Cuyahoga County Court of Common Pleas Case No. CV-506327. In this procedendo action, Stallworth complains that although she filed a motion for summary judgment in Case No. CV-506327 on February 27, 2004, the motion remains pending.
 {¶ 2} Respondent is a former judge of the court of common pleas. He has filed a motion to dismiss and argues that, in light of the fact that he is no longer a judicial officer, this court should dismiss this action. Relator has not responded to the motion to dismiss.
 {¶ 3} Respondent's argument fails because Civ.R. 25 states that, after a public officer ceases to hold office, "his successor is automatically substituted as a party." Civ.R. 25(A). Nevertheless, the docket in Case No. CV-506327 reflects that respondent's successor has issued a journal entry denying Stallworth's motion for summary judgment. As a consequence, we dismiss this action as moot.
 {¶ 4} We note that dismissal is appropriate in this case despite the fact that the motion to dismiss may be maintained only by considering matters outside the pleading. Civ.R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v.Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94." State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,2000-Ohio-141, 729 N.E.2d 1181. As a consequence, we take judicial notice of the mootness of this action in light of the fact that respondent's successor denied Stallworth's motion for summary judgment by entry received for filing on January 18, 2005.
 {¶ 5} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Dyke, P.J., Concurs Celebrezze, Jr., J., Concurs.