ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue a ruling with respect to the motion to withdraw guilty plea filed by relator in State v. Rivera, Cuyahoga County Court of Common Pleas Case No. CR-310488, on July 25, 2003.
 {¶ 2} Respondent has filed a motion to dismiss, attached to which is a copy of the journal entry denying Rivera's motion to withdraw guilty plea and received for filing by the clerk on March 25, 2005. Relator has not opposed the motion. Respondent argues that this action in procedendo is, therefore, moot. We agree.
 {¶ 3} We note that dismissal is appropriate in this case despite the fact that the motion to dismiss may only be maintained by considering matters outside the pleading. Civ.R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v.Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94." State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,2000-Ohio-141, 729 N.E.2d 1181. As a consequence, we take judicial notice of the mootness of this action in light of the fact that respondent denied the motion to withdraw guilty plea.
 {¶ 4} Accordingly, respondent's motion to dismiss is granted. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Sweeney, P.J., concurs Karpinski, J., concurs.