JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Wajid Abdussatar, is the defendant in State v.Abdussatar, Cuyahoga County Court of Common Pleas Case Nos. CR-454155 and 454996, which have been assigned to respondent judge. Abdussatar avers that respondent failed to instruct the clerk to serve him with the January 22, 2008 journal entry denying his motion to vacate and set aside sentence. He requests that this court compel respondent to reissue the January 22, 2008 journal entry and to instruct the clerk to serve a copy on him.
 {¶ 2} Respondent has filed a motion to dismiss attached to which is a copy of a November 7, 2008 journal entry in Case No. CR-454996 issued by respondent denying Adussatar's motion to vacate and set aside sentence as well as instructing *Page 3 
the clerk to serve notice on him. Abdussatar has responded to respondent's motion and acknowledged that this action is moot. We agree.
 {¶ 3} Additionally, we note that dismissal is appropriate in this case despite the fact that the motion to dismiss presents matters outside the pleading. Civ. R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v. LorainCorrectional Inst (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92,94."State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,2000-Ohio-141, 729 N.E.2d 1181. As a consequence, we take judicial notice of the mootness of this action in light of the filing of the November 7, 2008 journal entry by the court of common pleas.
 {¶ 4} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Complaint dismissed.
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1