[Cite as *State v. Feister*, 2018-Ohio-2336.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018 AP 01 0005 |
| JASON K. FEISTER | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
CR 040094

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 13, 2018

APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellant

AMANDA MILLER                                      JASON KEISTER
Assistant Prosecuting Attorney                 C/O Correctional Reception Center
125 E. High Avenue                                  11271 State Rte. 762
New Philadelphia, OH 44663                     Orient, OH 43146

*Gwin, P.J.*

{¶1} Appellant Jason K. Feister ["Feister"] appeals the trial court's January 17, 2018 Judgment Entry of Sentencing after a no contest plea in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On May 1, 2017, a summons on indictment in case number 2017 CR 04 0094 containing one count obstructing official business, a felony of the fifth degree, and one count resisting arrest, a misdemeanor of the second degree, was issued for Feister.

{¶3} On May 11, 2017, Feister failed to appear for arraignment and a warrant upon indictment was issued on May 15, 2017.

{¶4} On May 16, 2017, Feister was apprehended on the warrant and arraigned on May 23, 2017. Feister entered a plea of not guilty and the previously posted bond was continued with the added terms of a GPS ankle monitor and pre-trial supervision through the Tuscarawas County Community Corrections Program.

{¶5} On June 19, 2017, the first pre-trial was conducted and a trial date of October 11, 2017 was docketed.

{¶6} On September 15, 2017, Feister violated the terms of his pre-trial supervision by removing his GPS ankle monitor, fleeing from New Philadelphia Police Officers and receiving new, unrelated misdemeanor charges.

{¶7} On October 3, 2017, the trial court cancelled the trial scheduled to proceed on October 11, 2017. On October 11, 2017, Feaster's bond was revoked and the cash bond released back to the bondsman. The trial court also docketed the jury trial for November 28, 2017.

{¶8} On November 28, 2017, Feister entered a no contest plea and was found guilty of one count of obstructing official business, a felony of the fifth degree, after the state dismissed count two, resisting arrest, in the instant case. A pre-sentence investigation was ordered and sentencing scheduled for January 10, 2018.

{¶9} On January 3, 2018, Feister filed a pro se motion to withdraw his guilty plea. On January 10, 2017, Feister testified in support of his motion to withdraw his no contest plea. The trial court denied his motion and moved forward to sentencing. The trial court imposed an eight month term of incarceration in the Tuscarawas County Jail to be run consecutive to the terms imposed by the New Philadelphia Municipal Court in case number CRB 1701103 A,B,C.

{¶10} Feister was given thirty-four days of jail credit for the dates of Feister's initial arrest (April 2 to April 4, 2017), for the time of his arrest until his arraignment when he was released (May 16 to May 23, 2017), and for the time from his arrest for violating the conditions of release until the forfeiture hearing (September 15 to October 10, 2017). The trial court made specific findings that all other jail time served was pursuant to the specific sentences imposed by the New Philadelphia Municipal Court as previously outlined.

{¶11} On January 23, 2017, Feister filed this timely direct appeal in the above-captioned case.

{¶12} On April 17, 2017, Feister filed a pro se motion to modify the sentence imposed based, in part, on R.C. 2929.16. The state did not object to Feister's motion finding merit in that argument. On May 1, 2018, the trial court held a hearing on Feister's motion to modify the sentence. At the beginning of the hearing, Feister moved to withdraw his motion to modify which was granted. The state then moved, orally, to modify Feister's

sentence as it was contrary to R.C. 2929.16 and, therefore, void. The trial court found that the sentence imposed on January 17, 2018 was void as it exceeded the permitted local terms of incarceration proscribed in R.C. 2929.16. Judgment Entry, *Defendant's Motion to Modify Sentence Granted in Part; Re-sentencing*, filed May 1, 2018. The trial court reasoned that it retained jurisdiction over a void sentence. Accordingly, the trial court vacated the January 17, 2018.

{¶13} Feister was resentenced to an eight-month term of incarceration in the Ohio Department of Rehabilitation and Corrections to be imposed immediately with credit for the thirty-four (34) days of jail served as outlined in the January 17, 2018 sentencing entry.

*Assignments of Error*

{¶14} Feister raises one assignment of error,

{¶15} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO AN 8 MONTH RESIDENTIAL SEANCTION TO BE RESERVED AFTER A TERM OF IMPRISONMENT IMPOSED FOR AN UNRELATED MISDEAMENAOR."

*Law and Analysis.*

{¶16} Feister's Notice of Appeal was filed in this case on January 23, 2018. The notice appeals, "the order entered by [the trial court] on January 17, 2018."

{¶17} However, the trial court held a re-sentencing hearing on April 30, 2018. Feister was present and discharged his court-appointed attorney. At that hearing, the trial court vacated the Sentencing Entry filed January 17, 2018. T. Resentencing Hearing, Apr. 30, 2018 at 21. The trial court sentenced Feister to "a prison term of eight months in the state penal institution of the Ohio Department of Correction for one count of obstructing official business." Id. The trial court granted Feister thirty-four days of credit

as previously calculated.  The trial court did not impose the sentence consecutive to any other case.  The court incorporated these terms in the sentencing entry filed May 1, 2018.

*The "mootness doctrine".*

{¶18}  "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions."  *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893*); Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971).   Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it.  *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

{¶19}  Ohio courts have long exercised judicial restraint in cases that are not actual controversies.  *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372(1970).  No actual controversy exists where a case has been rendered moot by an outside event.  "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."  *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶20}  In *Bradley v. Ohio Dept. of Job and Family Services* our brethren from the Tenth Appellate District observed,

"The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the

general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶11; *Accord*, *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶10. Although the mootness doctrine has exceptions, none apply in the case at bar. *See, e.g., In re Appeal of Suspension of Huffer from Circleville High School,* 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus(noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

{¶21} A court may take judicial notice of mootness. "In fact, 'an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92,

94." *State ex rel. Nelson v. Russo,* 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181(2000). *Accord, Miner v. Witt,* 82 Ohio St. 237, 239, 92 N.E.2d 21(1910).

**{¶22}** In the case at bar, the January 17, 2018, sentencing entry that imposed the eight month local jail term consecutive to the jail terms he was then serving for several separate unrelated municipal court convictions in November, 2017 has been vacated.

**{¶23}** R.C. 2929.41 states in relevant part,

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

**{¶24}** Feister did not receive consecutive sentences in the May 1, 2018 sentencing entry. Accordingly, his argument concerning consecutive sentences is moot.

*Jail-time credit.*

**{¶25}** Feister appears to further argue that he is entitled to jail-time credit for time spent in jail on separate, unrelated misdemeanor charges.

**{¶26}** "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based."

**{¶27}** Ohio courts have repeatedly recognized that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence. In *Smith, supra*, the court rejected a claim for credit for serving a misdemeanor sentence while the felony charge was pending. As the court in *Smith* stated: "[A]ppellant was incarcerated on a prior misdemeanor criminal conviction which was completely unrelated to the offense for which he was later sentenced by the trial court. Because the sentence in the municipal court case did not arise out of the offense for which appellant was convicted in this case, appellant is not entitled to additional jail-time credit." *Smith*, 71 Ohio App.3d at 304, 593 N.E.2d 402.

**{¶28}** Similarly, the court rejected a claim for credit in *State v. Logan*, 71 Ohio App.3d 292, 301, 593 N.E.2d 395 (10th Dist., 1991) stating that, "Since defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail time credit."

**{¶29}** In *State v. Goehring*, 6th Dist. No. OT-03-035, 2004-Ohio-5240, the defendant sought credit for time he spent incarcerated after conviction in Municipal Court.

The appellate court affirmed the trial court's ruling that the defendant "cannot under any stretch of the imagination receive credit against his felony time for those days he spent incarcerated in Municipal Court after sentence on separate and distinct matters." Id. at ¶ 5 (quoting trial court's ruling). The Sixth District concluded that defendant "was not entitled to jail-time credit after November 4, 2002, when he was convicted and sentenced on the unrelated charges." Id. at ¶ 11. *Accord*, *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633.

**{¶30}** Under the foregoing analysis, Feister cannot receive double jail time credit for confinement while serving the sentence imposed on the unrelated misdemeanor charges. Such sentences arose out of unrelated cases.

**{¶31}** Feister's sole assignment of error is overruled. The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. EARLE E. WISE, JR.

WSG:clw 0604