[Cite as *Sheetz, Inc. v. Solomon Realty Co., L.L.C.*, 2022-Ohio-202.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHEETZ, INC. | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21 CAE 02 0012 |
| SOLOMON REALTY COMPANY, LLC | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  20 CVH 09 0405


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      January 27, 2022


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

RYAN P. SHERMAN                     STEPHEN E. CHAPPELEAR
JASON T. GERKEN                     EASTMAN & SMITH LTD
PORTER WRIGHT MORRIS & ARTHUR       100 East Broad Street
41 South High Street, Suite 2900    Suite 2100
Columbus, Ohio  43215               Columbus, Ohio   43215

*Wise, J.*

{¶1}    Defendant-Appellant, Solomon Realty Company, LLC ("Appellant"), appeals from the January 26, 2021, Judgment Entry by the Delaware County Court of Common Pleas. Appellee is Sheetz, Inc. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On September 17, 2020, Appellee filed a Complaint for Injunctive Relief and damages, a Temporary Restraining Order, and Preliminary Injunction.

{¶3}    On September 23, 2020, Appellant filed its Answer and Counterclaim.

{¶4}    On September 30, 2020, Appellant filed a Motion for Preliminary Injunction.

{¶5}    On November 16, 2020, the parties entered into a First Amended Stipulation of Facts. The parties stipulated that on April 6, 2020, Appellee entered into a lease agreement with Appellant for property located in Delaware County ("Demised Premises"). The lease agreement incorporates by reference a preliminary site plan depicting fuel stations and canopies located on the Demised Premises.

{¶6}    The parties also stipulated that in June of 2020, Appellee informed Appellant of its interest in acquiring the rights to a property immediately adjacent to the Demised Premises. Appellant has no interest in the adjacent property. Appellee provided Appellant a revised site plan with fuel pumps, canopies, and a car wash on the adjacent property. Appellee entered into a lease agreement with a third party on August 12, 2020, for the adjacent property.

{¶7}    The parties agreed that on August 31, 2020, Appellant informed Appellee's contractors they were being denied access to the Demised Property or to perform work

pursuant to the lease for the Demised Property. On September 18, 2020, Appellant informed Appellee they believe Appellee breached the lease agreement.

{¶8} On November 23, 2020, the parties submitted concluding briefs.

{¶9} On January 26, 2021, the trial court issued a Judgment Entry granting a Declaratory Judgment in favor of Appellee.

{¶10} On February 24, 2021, Appellant filed its Notice of Appeal.

{¶11} On May 21, 2021, Appellee filed a Motion for an Order to Show Cause. In the Motion, Appellee argues that Appellant is attempting to appeal an order which is not final nor appealable.

{¶12} On August 25, 2021, Appellee filed a motion suggesting mootness of the issue under appeal.

## ASSIGNMENTS OF ERROR

{¶13} Appellant filed a timely notice of appeal and herein raises the following Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN HOLDING THAT SHEETZ DID NOT BREACH THE LEASE BY CHANGING THE LOCATION OF THE FUELING STATION COMPONENTS.

{¶15} "II. THE TRIAL COURT ERRED IN GRANTING A DECLARATORY JUDGMENT TO SHEETZ.

{¶16} "III. THE TRIAL COURT ERRED IN REFUSING TO GRANT A PERMANENT INJUNCTION TO ENJOIN SHEETZ FROM UNILATERALLY CHANGING THE MATERIAL TERMS OF THE LEASE AND BREACHING THE TERMS OF THE LEASE.

**{¶17}** "IV. THE TRIAL COURT ERRED IN FAILING TO GRANT A DECLARATORY JUDGMENT THAT THE LEASE IS NULL AND VOID."

### The Mootness Doctrine

**{¶18}** Appellee raises the issue that this Court lacks jurisdiction to consider Appellant's Assignments of Error because they are moot as Appellant failed to seek a stay and Appellee's began construction. We agree.

**{¶19}** "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶18 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

**{¶20}** Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶21} In *Bradley v. Ohio Dept. of Job and Family Services*, 10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶10, the Tenth District Court of Appeals stated:

> The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. Therefore, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

{¶22} Although the mootness doctrine has exceptions, none apply in the case at bar. *In re Appeal of Suspension of Huffner from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

**{¶23}** A court may take judicial notice of mootness. "In fact, ' an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92, 94." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181 (2000). *Accord*, *Miner v. Witt*, 82 Ohio St. 237, 239, 92 N.E. 21 (1910).

**{¶24}** It is well established that in cases such as this, where an appeal involves the construction of a building or buildings involving construction, if a party fails to obtain a stay of execution before construction commences, the appeal is rendered moot. *See Pinkney v. Southwick Investments, LLC,* 8th Dist. Nos. 85074 and 85075, 2005-Ohio-4167 (residents sought to prevent land development for certain use; trial court found there were no restrictions on the use of the land; residents appeal, but did not seek a stay; construction was substantially complete by the time the case was heard; appeal moot); *Neighbors for Responsible Land Use v. Akron*, 9th Dist. No. 23191, 2006-Ohio-6966 (Akron approved the building of bus terminal; neighbor appealed, but did not seek stay; appeal moot because construction completed); *Walouke v. Mentor Bd. of Bldg. and Zoning Appeals – City of Mentor*, 11th Dist. Lake No. 10-136, 1984 WL 6515 (neighbors objected to landowner building a garage; zoning board granted variance, neighbors appealed, but did not request a stay; garage was built during pendency of appeal; moot); *Bd. of Commrs., Montgomery Cty. v. Saunders* (Nov. 2, 2001), 2d Dist. No. 18592, 2001 WL 1346087 (board sought and obtained easements on landowner's property to construct drainage improvement; landowner sought to enjoin the project, which trial court denied; landowner did not seek a stay of the denial pending appeal; appeal moot). *See also Novak*

*v. Avon Lake Bd. of Ed.*, 9th Dist. No. 01CA007835, 2001-Ohio-1880. *See, also, State ex rel. Wenger v. The Univ. of Akron* (July 8, 1976), 9th Dist. No. 8078.

**{¶25}** In the case *sub judice*, Appellant sought to have Delaware Court of Common Pleas decision reversed. At no time during the appeal process did Appellant ever seek a stay of execution from the trial court's decision. At oral argument, it was revealed that the site had been graded and fenced, beginning construction. This Court has held that in cases such as this, where an appeal involves the construction of a building or buildings and Appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot. *Ebersole v. City of Powell*, 5th Dist. Delaware No. 18 CAH 02 0013, 2019-Ohio-945.

**{¶26}** Accordingly, we find that Appellee's Motion for an Order to Show cause as well as the issues raised in Appellant's Assignments of Error are moot, and the appeal will be dismissed.

**{¶27}** For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed.

By: Wise, J.
Hoffman, P. J., and
Delaney, J., concur.

JWW/br 0112