[Cite as *Hudnell v. Blackshear*, 2017-Ohio-2680.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WILLIE HUDNELL | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27221 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-2945 |
| | : | |
| DENNIS BLACKSHEAR | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 5th day of May, 2017.

. . . . . . . . . .

WILLIE HUDNELL, 1616 Superior Avenue, Dayton, Ohio 45402
    Plaintiff-Appellant-Pro Se

DENNIS BLACKSHEAR, 1607 Superior Avenue, Dayton, Ohio 45402
    Defendant-Appellee-Pro Se

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Petitioner-appellant Willie Hudnell appeals pro se from a decision of the Montgomery County Court of Common Pleas denying his petition for a civil stalking protection order.   For the reasons set forth below, we affirm.

## I. Procedural History

**{¶ 2}** On June 13, 2016, Hudnell filed a petition for a civil stalking protection order against his neighbor Dennis Blackshear.   Hudnell set forth the following as the basis for the petition:   "My neighbor Dennis Blackshear has a device on top of his house according to Birch Communication.   When he talk [sic] on his CB it cut off [sic] my phone where as I can't hear any one but him."   Hudnell caused a subpoena to be served upon Birch Communication seeking a "phone recording that was recorded on 5-23-16 at 11:30 a.m."

**{¶ 3}** According to the record, an ex parte hearing was conducted, following which the request for an emergency order was denied.   The matter was set for a full hearing. Prior to the hearing, Hudnell caused a subpoena to be served upon Dayton Police Department Officer William Davis.

**{¶ 4}** It appears that a hearing was conducted before a magistrate on August 2, 2016.   The magistrate made findings of fact; however, the transcript of the hearing before the magistrate was not filed, and is not a part of the record before us.   Thus, we accept the following findings made by the magistrate as accurate.   Hudnell and Blackshear are neighbors.   Hudnell believes that Blackshear is using his CB radio to interfere with Hudnell's phone line.   Hudnell has heard Blackshear's voice over his phone. Blackshear did not know whether his radio interfered with Hudnell's phone, but he offered

Hudnell an interference blocker. Hudnell refused to take the blocker. Officer Davis had been called to the residences on multiple occasions over the course of three months. He noted that Blackshear has a CB tower. Davis was able to hear the claimed interference, but was not able to conclude that it was caused by the CB. He found that Hudnell's telephone was outdated, and that even a police radio could cause the interference. Davis stated that Hudnell either needed a newer phone system or an interference blocker.

{¶ 5} Following the hearing, the magistrate denied the petition. The trial court affirmed and adopted the magistrate's decision. Hudnell appeals.

## II. The Trial Court Did Not Err By Denying The Petition.

{¶ 6} We begin by noting that Hudnell's appellate filings do not set forth an assignment of error nor, in fact, any argument regarding the decision of the trial court as required by App.R. 16(A). Thus, we will review the trial court's judgment with the presumption that Hudnell believes it was erroneously rendered.

{¶ 7} Hudnell's request for a civil protection order was sought pursuant to R.C. 2903.214(C)(1) which allows individuals to seek civil protection orders based on allegations that a respondent has engaged in a violation of R.C. 2903.211, Ohio's menacing by stalking statute. Thus, when determining whether a civil stalking protection order should have been issued pursuant to R.C. 2903.214, the reviewing court must determine whether the petitioner proved by a preponderance of the evidence that the respondent engaged in conduct constituting menacing by stalking. *L.L.L. v. Junies*, 2d Dist. Greene No. 2013 CA 31, 2014-Ohio-141, ¶ 14.

{¶ 8} Menacing by stalking is defined as engaging in a pattern of conduct that

knowingly causes another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person. R.C. 2903.211(A)(1). To establish a pattern of conduct, there only needs to be "two or more actions or incidents closely related in time." R.C. 2903.211(D)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 9} "Physical harm" includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "Mental distress" is defined in R.C. 2903.211(D)(2) as either "(a) [a]ny mental illness or condition that involves some temporary substantial incapacity; [or] (b) [a]ny mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, * * *."

{¶ 10} There is no evidence in this record that Hudnell believed that Blackshear would cause him physical harm. Further, we find insufficient evidence on this record to establish that Blackshear engaged in a pattern of conduct. Indeed, it is not clear from this record whether Hudnell heard Blackshear's voice over his phone line on more than one occasion. Nor is there any evidence to establish that Blackshear took any action whatsoever to cause the interference with Hudnell's telephone. At most, the record indicates that Blackshear's use of his CB radio may have resulted, inadvertently, in some interference with Hudnell's phone. But even so, there is no evidence that Blackshear was aware of when Hudnell used his phone, or that Blackshear used his radio at those times in order to cause the interference. In other words, there is no evidence of intent.

{¶ 11} Instead, the evidence establishes that Hudnell's telephone was outdated and susceptible to interference from sources other than Blackshear's CB radio. There was no competent evidence that actually established that it was Blackshear's CB radio, as opposed to some other device, that was the cause of the interference. There was competent evidence to establish that Blackshear offered Hudnell a device that would block any such interference, which negates the claim that Blackshear knowingly caused mental distress. We also find insufficient evidence to establish that Hudnell suffered any mental distress.

{¶ 12} We review a trial court's decision on a petition for a civil protection order for an abuse of discretion. *Ngqakayi v. Ngqakayi*, 2d Dist. Greene No. 2007 CA 85, 2008–Ohio–4745, ¶ 4. The term "abuse of discretion" implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Raska v. Raska*, 2d Dist. Clark No. 2014 CA 29 and 2014 CA 35, 2014–Ohio–5449, ¶ 6. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶ 21. "Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses." *Seitz v. Harvey*, 2d Dist. Montgomery No. 25867, 2015–Ohio–122, ¶ 41, citing *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997). Given the lack of a transcript, we cannot say that the findings of fact are erroneous.

{¶ 13} As a final note, Hudnell has attached documents to his appellate filings. The first document consists of a letter from Birch Communications to Hudnell stating that the company was not in possession of a recorded call as set forth on the subpoena issued

by Hudnell. The second document is a letter from Birch Communications to the FCC noting that the company had tested Hudnell's telephone line and had not discovered any irregularities. Neither of these documents is a part of the record before us. Thus, we may not consider them. Even if we did, they do not establish Hudnell's right to a protection order.

{¶ 14} From the record before us, we conclude that there is insufficient evidence to establish that Blackshear is guilty of menacing by stalking. Therefore, we conclude that the trial court did not err in denying Hudnell's petition for a civil stalking protection order.

### III. Conclusion

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Willie Hudnell
Dennis Blackshear
Hon. Barbara P. Gorman