[Cite as *Solon v. Solon*, 2018-Ohio-3147.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JULIE C. SOLON | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2017CA00210 |
| | : | |
| SEAN M. SOLON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division, Case No. 2016DR00975

JUDGMENT:    AFFIRM

DATE OF JUDGMENT ENTRY:    August 6, 2018

APPEARANCES:

For Plaintiff-Appellee:

DAVID E. BUTZ
ALETHA M. CARVER
4775 Munson St. NW
P.O. Box 36963
Canton, OH 44735-6963

For Defendant-Appellant:

ELIZABETH E. COLLINS
TIM L. COLLINS
3300 Terminal Tower
50 Public Square
Cleveland, OH 44113-2289

*Delaney, J.*

{¶1}   Defendant-Appellant Sean M. Solon appeals the October 27, 2017 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Plaintiff-Appellee Julie C. Solon filed a complaint for divorce against Defendant-Appellant Sean M. Solon on October 14, 2016.

{¶3}   One of the disputed issues in the divorce was the sale of the marital home. In February 2017, Wife moved to list the marital home for sale due to the parties' financial issues. The trial court granted Wife's motion to sell the marital home on March 15, 2017.

{¶4}   On March 29, 2017, the parties were before the trial court due to their disagreement on the listing price for the marital home. The trial court ordered the listing price of the marital home would be $440,000.

{¶5}   As of May 2017, Husband had not signed the listing agreement. Wife filed a motion to show cause and the hearing was held on May 10, 2017. The trial court ordered Husband to cooperate with the listing of the marital home by May 15, 2017, or he would be found in contempt of court. Husband signed the listing agreement on May 14, 2017.

{¶6}   Issues as to the sale of the marital home arose again in August 2017. Husband signed the listing agreement but would not respond to offers to purchase from the parties' realtor. The trial court held a hearing on August 23, 2017. Wife requested the realtor be given full authority to sell the marital home. Husband objected, stating the realtor could have a conflict of interest. Husband's counsel told the trial court that sometimes, in cases like these, the trial court can appoint a receiver to negotiate the sale

contract. Husband's request, however, was to pay Wife $20,000 and he would assume the mortgage. At the time of the hearing, Husband was unemployed.

{¶7} On August 28, 2017, the trial court appointed Attorney John Rambacher as the receiver in charge of the sale of the marital home.

{¶8} On September 26, 2017, Husband filed an emergency ex parte motion to stay the sale of the marital home. The trial court denied the motion on September 28, 2017.

{¶9} On September 28, 2017, the receiver filed a Notice of Sale of Real Estate Pursuant to R.C. 2735.04(D)(2)(b). The notice provided that all parties would have ten days to request a hearing. Husband filed a pro se request for a hearing.

{¶10} The trial court convened a hearing on October 11, 2017 to consider Husband's motion to stay and Husband's objections to the notice of sale. Husband represented himself at the hearing. The receiver had received three offers on the marital home: one for $385,000 and two for $400,000. The receiver ultimately settled on an offer of $425,000. Husband objected to the appointment of the receiver based on an alleged business relationship between the receiver and the realtor. He argued the receiver breached his fiduciary duty by not getting the best offer for the marital home. Husband next argued he was currently employed and should be allowed to purchase the home. Husband did not bid on the home; rather, he wished to work out an agreement with Wife to purchase the home.

{¶11} On October 12, 2017, the trial court granted the receiver's application for authority to sell the marital home under R.C. 2735.04(D)(2)(a)(ii). The trial court overruled

Husband's objections to the sale of the marital home and ordered the sale proceed. The marital home was transferred to the buyers on October 12, 2017.

{¶12} On October 20, 2017, the trial court issued an order denying Husband's motion for reconsideration and emergency motion for stay of orders filed on September 26, 2017. In this entry, the trial court detailed its reasons for overruling Husband's objections to the receiver's sale of the marital home. The trial court found Husband could not show the receiver failed in his responsibilities based on the sale price the receiver was able to obtain for the marital home. The trial court further found Husband's statements as to his financial ability to purchase the home were unsupported by the evidence. The swift sale of the marital home was necessary to protect the marital assets.

{¶13} On October 27, 2017, the trial court issued a judgment entry confirming the sale of the marital home and ordered the distribution of the sale assets. The net proceeds of the sale of the home were $18,308.51.

{¶14} Husband filed a motion for reconsideration and stay on November 9, 2017. Husband also filed a notice of appeal on November 9, 2017.

### ASSIGNMENT OF ERROR

{¶15} Husband raises one Assignment of Error:

{¶16} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO PROVIDE A REASONABLE REDEMPTION PERIOD REQUIRED UNDER R.C. 2735.04(D)(7) AS PART OF ITS ORDER APPROVING THE RECEIVER'S APPLICATION FOR AUTHORITY TO SELL REAL ESTATE UNDER R.C. 2375.04(D)(2)(A)(II), AND THEN SUBSEQUENTLY CONFIRMING THE SALE.

**ANALYSIS**

{¶17} Husband argues the trial court erred in failing to provide him with a statutory redemption period as part of its order approving the receiver's application for authority to sell the marital home. We first note that Husband does not object to the trial court's authority to appoint a receiver. Ohio Revised Code Chapter 2735 grants Ohio courts the authority to appoint receivers pursuant to their sound discretion. *King v. King*, 11th Dist. Geauga Nos. 2012-G-3068, 2012-G-3079, 2013-Ohio-2038, ¶ 37 citing *Lockard v. Lockard*, 175 Ohio App.3d 245, 2008-Ohio-1577, 886 N.E.2d 276, ¶ 7 (4th Dist.). "Receiverships are generally appropriate, and in fact sometime necessary, in domestic relations matters to ensure the sale and/or distribution of marital property." *King* at ¶ 41 citing *Parker v. Elsass*, 10th Dist. Franklin No. 02AP-144, 2002-Ohio-3340.

{¶18} Husband contends when the trial court approved the receiver's application for authority to sell the marital home via judgment entry on October 12, 2017, the trial court failed to follow the proper statutory guidelines as outlined in R.C. 2735.04(D)(7). The statute reads:

> The court's order approving the application by a receiver or first mortgage holder for authority to sell real property under division (D)(2)(a) of this section shall establish a reasonable time, but not less than three days, after the date of the order approving the specific sale or the sale process for the owner and all other parties possessing an equity of redemption in the real property to exercise their equity of redemption in the real property or to have that equity of redemption forever barred. Section 2329.33 of the Revised Code does not apply to a sale by a receiver under this section.

R.C. 2735.04. Husband argues the trial court failed to include in its October 12, 2017 judgment entry language regarding a right of redemption period pursuant to R.C. 2735.04(D)(7). Husband states the right of redemption period is statutorily mandated, as shown by the use of the word "shall" in the statute. Husband concludes the trial court's failure to include the language in the court order rendered the order per se defective and therefore, the trial court abused its discretion.

{¶19} It is Husband's argument that this Court should reverse the trial court's judgment entry confirming the sale of the marital home and remand the matter for the trial court to establish a reasonable redemption period pursuant to R.C. 2735.04(D)(7). The marital home was transferred to the buyers on October 12, 2017. The sale of the marital home was confirmed by the trial court on October 27, 2017. The sale of the marital home to a third party in 2017 requires this Court to ask whether Husband's appeal is moot.

### The Mootness Doctrine

{¶20} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893*); Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

{¶21} Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372(1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶22} In *Bradley v. Ohio Dept. of Job and Family Services* our brethren from the Tenth Appellate District observed,

"The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words,

an issue is moot when it has no practical significance, being instead merely

hypothetical or academic.

10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶11; *Accord*, *Boncek v. Stewart*, 9th

Dist. Summit No. 21054, 2002-Ohio-5778, ¶10. Although the mootness doctrine has

exceptions, none apply in the case at bar. *See, e.g., In re Appeal of Suspension of Huffer*

*from Circleville High School,* 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one

of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues

are capable of repetition, yet evading review" or the case "involves a matter of public or

great general interest").

{¶23} A court may take judicial notice of mootness. "In fact, 'an event that causes

a case to be moot may be proved by extrinsic evidence outside the record.' *Pewitt v.*

*Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92,

94." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d

1181(2000). *Accord, Miner v. Witt,* 82 Ohio St. 237, 239, 92 N.E.2d 21(1910).

{¶24} The outside event in this case is the sale of the marital home to a third party

on October 12, 2017. Husband argues this Court should reverse and remand the matter

to the trial court to enforce his alleged right of redemption period, but we must recognize

that if this matter is remanded, the trial court's application of the right of redemption period

would not occur in a vacuum. The marital home was purchased by good-faith buyers and

has been in their possession since October 12, 2017. Husband does not address in his

appeal the impact of his requested remedy on the 2017 sale of the marital home to a third

party. He has not shown how a resolution of this conflict by the Court can be carried into

effect because of that outside event. In this case, we find Husband proposes an issue

that is hypothetical or academic and has not provided any evidence that it has practical significance to the present case.

{¶25} Our conclusion there is no actual controversy is further supported by the record, discussed below. The record in this case shows Husband's objections to the sale of the home were heard by the trial court and Husband did not provide evidence he had the financial capacity to fulfill his alleged right of redemption.

**Harmless Error**

{¶26} Assuming arguendo the trial court did err in failing to state a right of redemption period under R.C. 2735.04(D)(7), we find the record in this case shows the error to be harmless.

{¶27} Civ.R. 61 governs harmless error and states the following:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶28} The record shows the trial court provided Husband was provided multiple opportunities to be heard as to the sale of the marital home before the trial court granted the application for sale on October 12, 2017. On September 28, 2017, the receiver filed a Notice of Sale of Real Estate Pursuant to R.C. 2735.04(D)(2)(b). The notice provided

that all parties would have ten days to request a hearing. Husband filed a pro se request for a hearing. Husband also filed a pro se emergency ex parte motion to stay the sale of the marital home. The trial court denied the ex parte motion to stay, but a hearing was held on October 11, 2017 where the trial court heard Husband's objections to the sale of the home and arguments on the motion to stay.

{¶29} At the October 11, 2017 hearing, Husband stated he did not place a bid on the marital home. Husband preferred to work out a purchase agreement with Wife.  While Husband was previously unemployed, he stated he was currently employed but had not yet received a paycheck. On October 20, 2017, the trial court issued an order denying Husband's motion for reconsideration and emergency motion for stay of orders filed on September 26, 2017. In this entry, the trial court detailed its reasons for overruling Husband's objections to the receiver's sale of the marital home. The trial court found Husband could not show the receiver failed in his responsibilities based on the sale price the receiver was able to obtain for the marital home. The trial court further found Husband's statements as to his financial ability to purchase the home were unsupported by the evidence. The swift sale of the marital home was necessary to protect the marital assets.

{¶30}  We find that any alleged error by the trial court for failing to include the right of redemption language in the October 12, 2017 judgment entry was harmless due to Husband's previous opportunities to be heard and the lack of evidence that Husband was financially able to fulfill his right of redemption. The perceived error of failing to include the right of redemption language in the October 12, 2017 judgment entry did not affect Husband's substantial rights. The trial court appointed the receiver to take the necessary

actions to protect and preserve the parties' marital assets. In this case, the issue presented by Husband is moot and if not moot, then harmless error.

{¶31} Husband's sole Assignment of Error is overruled.

**CONCLUSION**

{¶32} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J., and

Baldwin, J. concur;

Hoffman, P.J., concurring in part
and dissenting in part