[Cite as *Sullivan v. Willhoite*, 2018-Ohio-4234.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BRENDAN SULLIVAN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27968 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-4704 |
| | : | |
| JASON WILLHOITE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2018.

. . . . . . . . . . .

BRENDAN SULLIVAN, 1199 Durham Drive, Centerville, Ohio 45459
    Plaintiff-Appellant, Pro Se

JASON WILLHOITE, 2862 Acosta Street, Kettering, Ohio 45429
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} This matter is before the court on the pro se appeal of Brendan Sullivan from an order denying Sullivan's request for a civil stalking protection order against Jason Willhoite. Sullivan is also appealing from the trial court's denial of his request for a "mistake in fact" hearing.

{¶ 2} Sullivan presents three "issues for review," which include the trial court's alleged abuse of discretion in "discarding facts" to elude the statutory requirements in R.C. 2903.214, and the court's alleged abuse of discretion in applying a standard of clear and convincing evidence to the case. In addition, Sullivan argues that the trial court erred in denying a protection order after he established multiple instances of intentional harm and emotional distress.

{¶ 3} We conclude that the trial court did not abuse its discretion in denying Sullivan's petition for a civil stalking protection order. Our ability to review Sullivan's arguments is limited because he failed to file a transcript of the full civil protection order hearing. As a result, the regularity of the proceedings below is presumed, and the limited record for review does not affirmatively demonstrate error. In addition, the trial court did not use an incorrect burden of proof in deciding the issues. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 4} In October 2017, Sullivan filed a pro se petition for a civil stalking protection order ("CPO") against Willhoite. Included in the request were other family and household members, including Sullivan's girlfriend, an autistic adult, and two minor children. After

an ex parte hearing, the trial court denied Sullivan's request for an emergency order and set a full civil protection hearing for late October 2017.

{¶ 5} An attorney entered an appearance for Sullivan the day before the hearing, and the matter was continued until late November 2017. At Willhoite's request, the matter was again continued, due to pending criminal charges in Kettering Municipal Court. The trial court indicated it would not set a hearing date until the criminal case had reached disposition. Subsequently, the trial court set a full civil protection hearing for February 2018, and then continued the hearing until March 15, 2018.

{¶ 6} After hearing the testimony of both parties, the magistrate concluded that Sullivan failed to establish that Willhoite had engaged in two or more incidents that would have caused Sullivan to reasonably fear physical harm or emotional distress. The magistrate, therefore, denied the request for a CPO, and on March 29, 2018, the trial court filed a judgment, pursuant to Civ.R. 65.1, adopting the magistrate's order.

{¶ 7} The trial court's judgment notified Sullivan that it was a final appealable order. However, on April 11, 2018, Sullivan filed a pro se request for a "mistake in fact" hearing. In the request, Sullivan alleged that more than one incident had occurred, and alleged that Willhoite had been untruthful in his testimony. After the trial court denied the request, Sullivan timely appealed from both decisions.


II. Alleged Abuse of Discretion in "Discarding Facts"

{¶ 8} Sullivan's First "Issue for Review" states:

Did the Common Pleas Court Abuse Its Discretion by Discarding Facts to Allude [sic] the Statute [sic] Requirements of R.C. 2903.214?

{¶ 9} Under this issue, Sullivan contends that the trial court erred in failing to consider various facts, like an incident that allegedly occurred on November 5, 2017, after the petition for a CPO was filed.

{¶ 10} Before considering this point, we note that both parties are proceeding pro se. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. Unfortunately, various procedural requirements have not been observed.

{¶ 11} As an initial matter, both parties' appellate briefs refer to facts outside the record. Under well-established law, appellate courts are limited to the record before the trial court and cannot consider documents or matters that are not in the record. *E.g., Chase Manhattan Mfg. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10; *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23.

{¶ 12} Sullivan also had a duty under App.R. 9(B) to provide a transcript of the proceedings before the trial court. However, he failed to do so. Without a transcript of the proceedings or a proper substitute, "we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15, citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2.

{¶ 13} With this limited ability to review in mind, we will discuss Sullivan's first issue, which alleges that the trial court failed to consider relevant facts in denying the request for a CPO.

{¶ 14} Under R.C. 2903.214(C)(1), a person may file a petition for injunctive relief against another individual who has allegedly violated R.C. 2903.211 with respect to the petitioner. *Howard v. Wilson*, 186 Ohio App.3d 521, 2010-Ohio-1125, 928 N.E.2d 1180, ¶ 10 (2d Dist.). The statute in question involves "Menacing by Stalking," and provides, in pertinent part, that:

> No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person.

R.C. 2903.211(A)(1).

{¶ 15} In deciding if a CPO order should have been issued under R.C. 2903.214, we decide "whether the petitioner proved by a preponderance of the evidence that the respondent engaged in conduct constituting menacing by stalking." *Hudnell v. Blackshear*, 2d Dist. Montgomery No. 27221, 2017-Ohio-2680, ¶ 7. *See also Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997) (finding that a preponderance of the evidence standard is applied to issuance of protection orders).

{¶ 16} Here, the trial court concluded that Sullivan failed to establish that there were two or more incidents that would cause Sullivan to reasonably fear physical harm or mental distress. In view of the limited facts of record before us, we cannot conclude that the record affirmatively demonstrates error. The trial court decision notes Sullivan's allegations and Willhoite's denial of the allegations, other than one incident during which Willhoite called the police about an open-air fire at Sullivan's home. Doc. #15,

Magistrate's Decision, p. 3.   Clearly, the trial court did not find Sullivan credible.

{¶ 17} We defer to trial court decisions on credibility.   *L.L.L. v. Junies*, 2d Dist. Greene No. 2013 CA 31, 2014-Ohio-141, ¶ 15.   The rationale for this is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."   *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 18} Based on the preceding discussion, Sullivan's First "Issue for Review" is overruled.

III.   Alleged Abuse of Discretion in Applying the Standard of Review

{¶ 19} Sullivan's Second "Issue for Review" states:

Did the Common Pleas Court Abuse it[s] Discretion When It Applied

the Clear and Convincing Standard When Ohio Law Only Requires a

Preponderance?

{¶ 20} Under this issue, Sullivan does not refer to any place where the trial court used a clear and convincing standard of proof; instead, his contention is that he presented the court with "a clear and convincing preponderance of the evidence that was omitted from the court[']s record of finding."   Appellant's Brief, p. 8.   Sullivan does contend in his reply brief that the court applied the wrong standard, but he fails to point to any part of the decision which recited the wrong standard.   *See* Appellant's Reply Brief, p. 5.

{¶ 21} As was noted, the trial court apparently did not find Sullivan's testimony convincing.   In addition, the court specifically stated that the burden of proof is

preponderance of the evidence. Doc. #15, Magistrate's Decision, at p. 3. We observed above that this is the appropriate standard. *Hudnell*, 2d Dist. Montgomery No. 27221, 2017-Ohio-2680, at ¶ 7. Accordingly, the Second "Issue for Review" is overruled.

## IV.  Alleged Deprivation of CPO

**{¶ 22}** Sullivan's Third "Issue for Review" states:

Did the District Court Deprive Brendan Sullivan Appropriate Civil Protections Against Jason Willhoite After Demonstrating to the Common Pleas Court After [sic] Multiple Instances to Cause Intentional Harm and Mental Duress?

**{¶ 23}** In his briefs, Sullivan has not separately discussed any of his "issues." Instead, he has combined his discussion in a "summary argument." This was another procedural deficiency, as App.R. 16(A)(7) requires an appellant to include "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶ 24}** Sullivan's third issue simply rehashes the contentions made in the first issue for review. However, we have rejected those arguments. Accordingly, the third "Issue for Review" lacks merit and is overruled.

**{¶ 25}** As a final matter, Sullivan has not addressed the trial court's denial of his request for a "mistake in fact" hearing, which was filed post-judgment. We interpret the request for a "mistake in fact" hearing as a motion for reconsideration of the court's judgment denying the CPO. However, the Supreme Court of Ohio long ago held that

"[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."  *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus.  Such motions, therefore, are "considered a nullity."  *Id.* at 380.

## V.  Conclusion

**{¶ 26}** All of Sullivan's "Issues for Review" having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Brendan Sullivan
Jason Willhoite
Hon. Mary Katherine Huffman