[Cite as *Crites v. Crites*, 2019-Ohio-1043.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

ROBYN D. CRITES,

      PLAINTIFF-APPELLEE,           CASE NO.  4-18-03

      v.

DOUGLAS CRITES,                  O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Defiance County Common Pleas Court
Domestic Relations Division
Trial Court No. 13 DR 42537

Motion Granted and Appeal Dismissed

Date of Decision:   March 25, 2019


APPEARANCES:

    *Jason N. Flower* for Appellant

    *Clayton J. Crates* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Douglas Crites ("Douglas"), appeals the May 3, 2018 judgment of the Defiance County Court of Common Pleas that, among other things, granted Douglas a divorce from plaintiff-appellee, Robyn Crites ("Robyn"), and ordered Douglas to pay a share of the attorney's fees Robyn incurred in connection with the divorce proceedings. For the reasons that follow, we find that Douglas voluntarily satisfied the portion of the trial court's judgment relevant to his appeal. Accordingly, we conclude that Douglas's appeal has been rendered moot, and we dismiss his appeal.

{¶2} On September 4, 2013, Robyn filed a complaint requesting a divorce from Douglas. (Doc. No. 1). On November 3, 2017, after more than four years of litigation, the magistrate issued his decision recommending that Robyn be granted a divorce from Douglas "on the grounds of incompatibility." (Doc. No. 129). Relevant to this appeal, the magistrate also recommended that Douglas be ordered to pay Robyn's attorney's fees in the amount of $13,000 "within 120 days of the file date of the final judgment entry." (*Id.*). Neither Douglas nor Robyn filed objections to the magistrate's decision.

{¶3} On May 3, 2018, the trial court filed its judgment adopting the magistrate's findings and recommendations. (Doc. No. 130). In addition to

granting Robyn and Douglas "an absolute divorce from each other," the trial court ordered in pertinent part:

> The Defendant shall pay to Plaintiff attorney fees in the amount of Thirteen Thousand Dollars ($13,000.00). Said amount shall be paid within one hundred twenty (120) days from the filing of this Final Judgment Entry. Plaintiff is hereby granted a lump sum judgment in the amount of $13,000.00 not to be enforced unless Defendant violates the terms of this order.

(*Id.*).

{¶4} On June 1, 2018, Douglas filed a notice of appeal. (Doc. No. 132). He raises one assignment of error for our review.

### Assignment of Error

**The trial court committed plain error by ordering Appellant to pay $13,000.00 to Appellee for attorney fees.**

{¶5} Before addressing the merits of Douglas's assignment of error, we must determine whether intervening events have rendered Douglas's appeal moot. On January 4, 2019, Robyn filed in this court a motion to dismiss Douglas's appeal. Douglas filed a memorandum in opposition to Robyn's motion to dismiss on February 1, 2019. In her motion, Robyn states that "[i]n compliance with the Final Judgment Entry, [Douglas] paid the Thirteen Thousand Dollars ($13,000.00) of [her] attorney's fees on August 10, 2018." (Appellee's Motion to Dismiss at 2).

Robyn further notes that Douglas "never filed a supersedeas bond pursuant to ORC §2505.09 or requested a stay of execution from the order." (*Id.* at 1). Robyn concludes that Douglas thus "voluntarily satisfied the judgment that is the basis of his appeal," and as a result, his appeal "should be dismissed as being moot." (*Id.* at 3).

{¶6} "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.*

> "'The duty of [the court] * * * is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"

*Empaco Equip. Corp. v. Maximus Consulting, L.L.C*, 9th Dist. Summit No. 27468, 2015-Ohio-1801, ¶ 5, quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132 (1895). "In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or

academic." *In re Guardianship of Weller*, 2d Dist. Montgomery No. 24337, 2011-Ohio-5816, ¶ 7. """"It necessarily follows that when, pending an appeal from the judgment of a lower court, * * * an event occurs which renders it impossible for th[e] court * * * to grant [the party] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."""" *Empaco* at ¶ 5, quoting *Miner* at 238, quoting *Mills* at 653.

**{¶7}** Robyn argues that Douglas's appeal is moot because he voluntarily satisfied the part of the trial court's judgment directing him to pay her $13,000 for attorney's fees. In support of this argument, Robyn attaches three exhibits to her motion to dismiss: a photocopy of a check payable to Robyn for $13,000 dated August 10, 2018 that is signed by Douglas and that specifies that it is for "Attorney fees"; a photocopy of a checking deposit slip showing that Robyn deposited $13,000 into her checking account on August 13, 2018; and a photocopy of a check for $13,000 dated August 15, 2018 that is signed by Robyn and payable to "Arthur Law Firm Co., L.P.A." (Appellee's Motion to Dismiss, Exs. A, B, C). Ordinarily, this court may not consider evidence outside of the record. *Sullivan v. Willhoite*, 2d Dist. Montgomery No. 27968, 2018-Ohio-4234, ¶ 11 ("Under well-established law, appellate courts are limited to the record before the trial court and cannot consider documents or matters that are not in the record."). However, """"an event that causes a case to be moot may be proved by extrinsic evidence outside the record."""" *Solon*

*v. Solon*, 5th Dist. Stark No. 2017CA00210, 2018-Ohio-3147, ¶ 23, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000), quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992). Therefore, we may properly consider whether the documents Robyn attaches to her motion to dismiss support her claim that Douglas's appeal is moot.

**{¶8}** Robyn's exhibits establish that Douglas's tendered check for $13,000 contained a notation indicating that the check was for "Attorney fees," that Robyn promptly deposited the funds into her personal bank account, and that Robyn then tendered her payment of $13,000 to her trial counsel's law firm on August 15, 2018. (Appellee's Motion to Dismiss, Exs. A, B, C). Douglas does not dispute the authenticity of Robyn's exhibits, and we have not found any reason to question their legitimacy. Additionally, and significantly, Douglas concedes that he made a "payment of the attorney's fees" to Robyn. (Appellant's Reply Brief at 6-7). Hence, we find that Douglas paid Robyn $13,000 on August 10, 2018 in accordance with the trial court's judgment.

**{¶9}** Having found that Douglas gave $13,000 to Robyn in August 2018 as payment for attorney's fees, we next consider whether Douglas's payment constitutes a voluntary satisfaction of the portion of the trial court's judgment relevant to his appeal. "It is a well-established principle of law that a satisfaction of

judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990).

> "'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is *voluntarily* paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'"

(Emphasis added.) *Id.*, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361 (1927), paragraph three of the syllabus. *See Haendiges v. Haendiges*, 82 Ohio App.3d 720, 724 (3d Dist.1992). This principle applies with equal force in circumstances where the trial court's judgment contains multiple discrete, severable judgments and the appealing party has satisfied one or more but fewer than all of the judgments. *See Hoover Kacyon, L.L.C. v. Martell*, 5th Dist. Stark No. 2018CA00018, 2018-Ohio-4928, ¶ 26-31; *Ross v. Wendel*, 12th Dist. Clermont No. CA2016-10-070, 2017-Ohio-7804, ¶ 20; *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App.3d 326, 2009-Ohio-5263, ¶ 13-16 (4th Dist.). *But see Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, ¶ 3, 9-10, 20 (6th Dist.). In such cases, complete satisfaction of one of the judgments renders an appeal from *that* judgment moot without

necessarily rendering moot appeals from the other judgments for which satisfaction has not been obtained. *See Hoover Kacyon* at ¶ 26-31; *Shumaker* at ¶ 13-16.

{¶10} Douglas does not contest that the trial court had subject-matter jurisdiction or jurisdiction over him and Robyn, and he does not allege fraud of any kind. Furthermore, Douglas does not dispute that he satisfied the portion of the trial court's judgment ordering him to pay Robyn $13,000 for attorney's fees. Instead, Douglas notes that a satisfaction of judgment renders an appeal from that judgment moot only when the appealing party *voluntarily* satisfies the judgment. *See Blodgett* at 245. He argues that he did not voluntarily satisfy the judgment for attorney's fees and that consequently, his appeal from that portion of the trial court's judgment is not moot. Douglas offers two primary arguments to explain why the satisfaction was not voluntary.

{¶11} First, Douglas argues that "the payment of the attorney's fees was not voluntary because [he] * * * file[d] a motion to stay, therefore showing that he did not agree with the court's order." (Appellant's Reply Brief at 6). Generally, a party may avoid a voluntary satisfaction of judgment by moving to stay execution of the judgment and by posting a supersedeas bond in an amount deemed by the trial court to be adequate to secure the judgment. *See* R.C. 2505.09; Civ.R. 62(B); App.R. 7(A), (B). "'Once the appellant obtains the stay of execution, neither the trial court nor the non-appealing party is able to enforce the judgment.'" *Alan v. Burns*, 9th

Dist. Medina No. 3271-M, 2002-Ohio-7313, ¶ 5, quoting *LaFarciola v. Elbert*, 9th Dist. Lorain No. 98CA007134, 1999 WL 1215115, *2 (Dec. 8, 1999). "'The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond.'" *Id.*, quoting *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490 (1978). Conversely, "[a] judgment is voluntarily satisfied 'where the party fails to seek a stay prior to the satisfaction of [the] judgment.'" *Summit Servicing Agency, L.L.C. v. Hunt*, 9th Dist. Summit No. 28699, 2018-Ohio-2494, ¶ 13, quoting *CommuniCare Health Servs., Inc. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 20.

{¶12} Here, Douglas did file a motion to stay execution of the trial court's May 3, 2018 judgment. (Doc. No. 138). However, the scope of the requested stay was limited:

Defendant * * * hereby requests that this Court stay the execution of the distribution of property pursuant to Exhibits 29, 31, and 33, as these issues are a part of the appeal Defendant has filed contemporaneously.

Defendant makes this request as there is no supporting evidence * * * explain[ing] the Court's decision to include the above referenced exhibits in the property distribution, as they were not included in the original Separation Agreement approved by this Court's Magistrate's Decision and again by this Court's Judgment Entry.

(*Id.*). Exhibits 29, 31, and 33 are lists of personal property that Robyn wished to retain after her divorce from Douglas. (*See* Doc. No. 130, Plaintiff's Exs. 29, 31, 33). Exhibits 29, 31, and 33 do not contain any reference to attorney's fees, and Douglas's motion to stay does not otherwise mention attorney's fees. Accordingly, even if the trial court had granted Douglas's motion to stay,[1] the stay would have affected only the portion of the trial court's judgment relating to the distribution of the property listed in Exhibits 29, 31, and 33; execution of the judgment for attorney's fees would not have been stayed. Thus, with respect to the judgment for attorney's fees, Douglas completely failed to seek any stay prior to the satisfaction of judgment. Because Douglas had the opportunity to move to stay execution of the judgment for attorney's fees but neglected to do so, the satisfaction was voluntary. *See Atlantic Veneer Corp. v. Robbins*, 4th Dist. Pike No. 03CA719, 2004-Ohio-3710, ¶ 17 ("[S]atisfaction of a judgment renders an appeal moot where an appellant may preserve her appeal rights by seeking a stay of execution pending appeal.").

{¶13} Alternatively, Douglas argues that "[t]he payment was made pursuant to a court order, to avoid a possible contempt; it was not voluntary." (Appellant's Reply Brief at 6). He further contends that he "involuntarily paid his 'fine' because

---

[1] It does not appear that the trial court formally ruled on Douglas's motion to stay. On July 10, 2018, the magistrate "stayed" Douglas's motion to stay pending an informal resolution of the parties' dispute over the distribution of the personal property listed in Exhibits 29, 31, and 33. (Doc. No. 145). On July 31, 2018, a consent judgment entry was filed that resolved the parties' dispute over the distribution of the personal property. (Doc. No. 148). After the magistrate's July 10, 2018 order, there is no further mention of Douglas's motion to stay.

the trial court ordered him to make a payment" and he "had no choice but to pay the award or he would risk * * * be[ing] held in contempt and incarcerated due to the nonpayment." (*Id.*).

**{¶14}** In some circumstances, the threat of imprisonment may support a conclusion that a party did not voluntarily pay a fine or judgment. *See Baker-Chaney v. Chaney*, 5th Dist. Holmes No. 16CA005, 2017-Ohio-5548, ¶ 49, fn. 2 (finding no voluntary satisfaction where the trial court instructed the judgment debtor "to come with her toothbrush if she had not complied with the order [for payment of attorney's fees] within fourteen days as she would be going to jail," thus denying her the opportunity to stay the award of attorney's fees pending appeal); *Janosek v. Janosek*, 8th Dist. Cuyahoga Nos. 86771 and 86777, 2007-Ohio-68, ¶ 125-127 (where the trial court ordered husband to pay $680,000 by 4:00 p.m. on the day of the hearing or face 10 days' incarceration, husband did not voluntarily pay his contempt purge); *In re Contempt of Morris*, 110 Ohio App.3d 475, 479 (8th Dist.1996) (although an attorney paid his fine stemming from a finding of contempt, an appeal of the contempt finding was not moot because the attorney "was ordered by the trial court to pay his fine before he left the courtroom"). The common thread in these cases is that the payor paid the fine or judgment under some degree of compulsion, either by being deprived of a meaningful opportunity to file a motion to stay execution of the trial court's judgment or by being threatened with the

prospect of immediate incarceration for failure to pay.  These conditions are not present in this case.

**{¶15}** First, as more than three months elapsed between the date the judgment was filed and the date he paid Robyn, Douglas had ample time to seek a stay of execution.  Furthermore, Douglas was not threatened with the likelihood of imminent imprisonment for failure to pay Robyn's attorney's fees.  While Douglas may have been concerned that he *could* be imprisoned at some uncertain point in the future for failure to pay Robyn's attorney's fees, this does not mean that Douglas was compelled to satisfy the judgment when he did.  Douglas was not facing a concrete threat of imprisonment when he satisfied the judgment for attorney's fees.

**{¶16}** In addition, to the extent that Douglas may actually have been subject to liability for contempt at the time he paid Robyn's attorney's fees, such potential liability would not have stemmed from the judgment for attorney's fees.  On June 1, 2018, Robyn filed a motion for contempt requesting that Douglas "appear * * * to show cause why he should not be held in contempt of Court for his failure to abide by Paragraph 9 of this Court's Final Judgment Entry * * *, wherein [Douglas] has failed to pay to [Robyn] spousal support since the date of filing the Final Judgment Entry." (Doc. No. 135).  As indicated in Robyn's motion for contempt, Paragraph 9 of the trial court's May 3, 2018 judgment deals with the payment of spousal support, not the payment of attorney's fees, which is addressed in Paragraph

13. (Doc. No. 130). Therefore, when Douglas paid Robyn $13,000 for attorney's fees in August 2018, he did not do so in order to avoid a potential fine or incarceration that could have resulted from Robyn's motion for contempt. Altogether, under the facts presented in this case, Douglas's claims that he paid Robyn's attorney's fees to avoid contempt and the possibility of incarceration are insufficient to make his satisfaction of judgment involuntary.

{¶17} Finally, Douglas advances a secondary argument that his payment was "not voluntary because he made a payment on the day the court ordered him to do so." (Appellant's Reply Brief at 7). From the available evidence, this claim appears to be untrue. The trial court's May 3, 2018 judgment ordered Douglas to pay Robyn's attorney's fees within 120 days of the filing of the final judgment entry. (Doc. No. 130). Thus, Douglas was required to pay Robyn on or before August 31, 2018. Douglas gave Robyn the check for $13,000 on August 10, 2018. (Appellee's Motion to Dismiss, Ex. A). We have found no indication in the record or elsewhere that the trial court ordered Douglas to pay Robyn on August 10, 2018. Instead, the evidence suggests that Douglas paid Robyn with three weeks to spare—three weeks during which he could have filed a motion to stay execution of the trial court's judgment for attorney's fees.

{¶18} In conclusion, the evidence establishes that Douglas voluntarily satisfied the judgment that is the basis of his appeal, thereby rendering his appeal

moot. Accordingly, because Robyn's motion to dismiss has merit, we grant her motion and dismiss Douglas's appeal.

***Motion Granted and***
***Appeal Dismissed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**